**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Robert Benjamin ALDRED,**
**Defendant–Appellee.**

**No. 00–30311.**
**D.C. No. CR–00–00200–KI.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Decided Sept. 19, 2001.

---

**554**

Before THOMPSON, TASHIMA, and
GRABER, Circuit Judges.

MEMORANDUM[1]

Defendant, Robert Benjamin Aldred,
was indicted for being a felon in possession
of a firearm, in violation of 18 U.S.C.
§ 922(g)(1), and for possessing an unregis-
tered firearm, in violation of 26 U.S.C.
§§ 5861(d) and 5871. The district court
granted Defendant's motion to suppress,
ruling that (1) Defendant had a reasonable
expectation of privacy in a shed in which
he had stayed three weeks earlier and (2)
the search warrant was invalid because the
supporting affidavit referred to evidence
that was observed illegally during a previ-
ous search. We reverse.

 Fourth Amendment rights can-
not be asserted vicariously. *Rakas v. Illi-
nois,* 439 U.S. 128, 133–34, 99 S.Ct. 421, 58
L.Ed.2d 387 (1978); *United States v.
Johns,* 851 F.2d 1131, 1135 (9th Cir.1988).
In order to claim the protections of the
Fourth Amendment, Defendant must es-
tablish, under the totality of the circum-
stances, that he had a reasonable expecta-

tion of privacy in the shed. *Minnesota v.
Carter,* 525 U.S. 83, 88–89, 119 S.Ct. 469,
142 L.Ed.2d 373 (1998). He failed to meet
this burden.

The premise of Defendant's argument is
that he was a "tenant" who could lose his
expectation of privacy only if he voluntari-
ly abandoned the property or was formally
evicted. That premise is belied by the
record and by the district court's findings
of fact, which are not contested on appeal.

Defendant stayed with the Bunnells in
their house for about a week, because he
was avoiding the police and "needed a
place to stay." He then moved into the
shed around the first of October 1999. On
October 19, the day after Rhonda Bunnell
was arrested, Howard Bunnell told Defen-
dant to "pack, load your stuff up and go."
As the district court found, "the Bunnells
had joint access and control of the front
room of the shed throughout October and
November"; Defendant and his friend
were *"occupants* of the shed," rather than
tenants (emphasis added); and "Howard
Bunnell revoked" the "permission to stay
in the shed and store their belongings
there," which had been granted to Defen-
dant and his friend earlier. When Howard
"revoked that permission," Defendant left
immediately. The search did not occur for
another three weeks. After October 19
Defendant did not have permission to stay
in the shed, as his actions recognized, so
he no longer had a reasonable expectation
of privacy there. *See United States v.
Armenta,* 69 F.3d 304, 308 (9th Cir.1995)
(noting that a defendant had the status of
an overnight guest if he had permission,
from an "identifiable host," to "come and
go as he pleased"). Defendant's "occasion-
al payments toward the cost of electricity"
during the time he stayed in the shed did
not make him a "tenant" as a matter of
law.

1. This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
9th Cir. R. 36–3.

Additionally, the record establishes that Rhonda removed Defendant's padlock from the shed in late October, after he had been told to leave, and that someone eventually removed and burned his belongings. These "affirmative steps" to remove Defendant, coupled with Howard's revocation of permission to use the shed and Defendant's immediate compliance with Howard's revocation, establish that Defendant no longer had a reasonable expectation of privacy in the shed. *Cf. United States v. Dorais*, 241 F.3d 1124, 1128 (9th Cir.2001) (holding that a hotel guest no longer had a reasonable expectation of privacy in a room, forty minutes after check-out time, when the staff had taken "affirmative steps" to remove him).

REVERSED and REMANDED for further proceedings.